**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US FOODS, INC., 9399 West Higgins Road, Suite 600 Rosemont, Illinois 60018, *Plaintiff*, v. TRUE BRANDS, LLC, 4321 Wisconsin Avenue NW Washington, DC 20016 and TRUE BRANDS TIVOLI LLC, 3301 14th Street NW Washington, DC 20010 Serve on: Thomas G. Southard, Registered Agent 1090 Vermont Avenue NW Suite 1200 Washington, DC 20005-4954 and PAYAM TABIBIAN, 11575 Seneca Hill Court Great Falls, Virginia 22066, *Defendants*. | Civil Action No. 20-823 |

## COMPLAINT

Plaintiff US Foods, Inc. ("US Foods" or "Plaintiff"), by and through its attorney, and for

its Complaint ("Complaint") against Defendants True Brands, LLC ("True Brands"), True

Brands Tivoli LLC ("Tivoli"), and Payam Tabibian ("Guarantor", and collectively with True

Brands and Tivoli, the "Defendants"), hereby alleges as follows:

## THE PARTIES

1.      Plaintiff US Foods is a Delaware corporation with its principal place of business at 9399 West Higgins Road, Suite 600, Rosemont, Illinois 60018. US Foods is registered as a foreign corporation licensed to do business in the District of Columbia. US Foods is one of America's leading foodservice distributors to restaurants, healthcare and hospitality facilities, government operations and educational institutions across the country, including in the District of Columbia.

2.      Defendant True Brands is registered as a limited liability company with citizenship in the District of Columbia and a principal place of business at 4321 Wisconsin Avenue NW, Washington, DC 20016.

3.      Upon information and belief, True Brands has two (2) members: (1) Guarantor and (2) Thomas G. Southard ("Southard"), both citizens of Virginia.

4.      Guarantor is an individual who resides at 11575 Seneca Hill Court, Great Falls, Virginia 22066.

5.      Upon information and belief, Southard is an individual who resides at 5908 35th Street N, Arlington, Virginia 22207.

6.      Defendant Tivoli is registered as a as a limited liability company with citizenship in the District of Columbia with a principal place of business at 3301 14th Street NW, Washington, DC 20010.

7.      Upon information and belief, Tivoli has two (2) members: (1) Guarantor and (2) Southard, both citizens of Virginia.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is diversity among the parties because Plaintiff is a citizen of Delaware and Illinois and Defendants True Brands and Tivoli are citizens of the District of Columbia and Virginia.

9.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the transaction giving rise to Plaintiff's claims occurred in this division of this judicial district.

## GENERAL ALLEGATIONS

10.     From as early as April 2016, US Foods supplied various food and food-related products and services to True Brands and Tivoli.

11.     In connection with these transactions, True Brands executed a Customer Account Application (the "True Brands Customer Agreement") dated as of April 27, 2016.  A true and correct copy of the True Brands Customer Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

12.     In connection with these transactions, Tivoli executed a Customer Account Application (the "Tivoli Customer Agreement") dated as of April 27, 2016.  A true and correct copy of the Tivoli Customer Agreement is attached hereto as **Exhibit B** and incorporated herein by reference.

13.     Pursuant to the True Brands Customer Agreement and the Tivoli Customer Agreement (collectively, the "Customer Agreements"), True Brands and Tivoli (collectively, the "Entities") agreed to be bound by the terms of the Customer Agreements, invoices and other

documents furnished by US Foods, and to pay all charges set forth on each invoice pursuant to the credit terms on the invoices. (Exs. A & B.)

14.     The Entities also agreed to pay all costs, expenses and fees, including attorneys' fees, which may be incurred by US Foods in enforcing or protecting its rights under the Customer Agreements. (Ex. A, p. 3, ¶ 4; Ex. B, p. 3, ¶ 4.)

15.     Further, the Entities agreed to pay interest in the amount of 1.5% per month on any payment past due until collected. (Ex. A, p. 3, ¶ 4; Ex. B, p. 3, ¶ 4.)

16.     The True Brands Customer Agreement includes a personal guaranty executed by Guarantor (the "True Brands Guaranty"). (Ex. A, p. 4.)

17.     The Tivoli Customer Agreement includes a personal guaranty executed by Guarantor (the "Tivoli Guaranty", and collectively with the True Brands Guaranty, the "Guaranties"). (Ex. B, p. 4.)

18.     Pursuant to the Guaranties, Guarantor "personally and unconditionally" guarantied payment of all amounts then owing, and thereafter owed by the Entities. (Ex. A, p. 4; Ex. B, p. 4.)

19.     Further, in the event of a default by the Entities, US Foods has the right to proceed directly against Guarantor without first exhausting other remedies. (Ex. A, p. 4; Ex. B, p. 4.)

20.     The Entities ordered, received, and accepted delivery of goods and services from US Foods, as reflected on invoices sent by US Foods to the Entities.

21.     Pursuant to the payment terms contained in the Customer Agreements and the invoices, the Entities were obligated to make payments to US Foods in the full invoice amounts for goods and services received by the Entities.

22.     US Foods performed all of its obligations by supplying the Entities with the purchased goods and services and submitting invoices.

23.     As of October 2019, US Foods is owed a total of $184,544.45 on past due invoices accrued pursuant to invoices under the Customer Agreements, exclusive of interest, costs and fees (the "Unpaid Invoices"). A summary of Unpaid Invoices for True Brands totaling $95,688.00 is attached hereto and incorporated herein as **Exhibit C**. A summary of the balance owed by True Brands for proprietary goods totaling $8,357.59 is attached hereto and incorporated herein as **Exhibit D.** A summary of Unpaid Invoices for Tivoli totaling $80,498.86 is attached hereto and incorporated herein as **Exhibit E**.

24.     As of October 17, 2019, True Brands granted US Foods a purchase money security interest on all goods, inventory, equipment, and fixtures, purchased from US Foods, and a separate security interest in all of True Brand's other assets, then existing or after-acquired, including all accounts, goods, inventory, equipment, fixtures, trade fixtures and vehicles.US Foods properly perfected its security interests against True Brands by filing a UCC-1 Financing Statement. A true and correct copy of the UCC-1 Financing Statement for True Brands is attached hereto as **Exhibit F** and incorporated herein by reference.

25.     As of June 26, 2017, Tivoli granted US Foods a purchase money security interest on all goods, inventory, equipment, and fixtures, purchased from US Foods, and a separate security interest in all of Tivoli's other assets, then existing or after-acquired, including all accounts, goods, inventory, equipment, fixtures, trade fixtures and vehicles. US Foods properly perfected its security interests against Tivoli by filing a UCC-1 Financing Statement. A true and correct copy of the UCC-1 Financing Statement for Tivoli is attached hereto as **Exhibit G** and incorporated herein by reference.

26.     As of the date of the filing of this Complaint, US Foods has not received payment in full for the amounts owed under the invoices and Customer Agreements.

## COUNT I
## BREACH OF CONTRACT – TRUE BRANDS

27.     US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

28.     The True Brands Customer Agreement constitutes a valid and binding contract between US Foods and True Brands. (Ex. A.)

29.     True Brands agreed to abide by the terms of the True Brands Customer Agreement and invoices under which US Foods supplied goods and services to True Brands.

30.     True Brands also agreed to pay all costs, expenses and fees, including attorneys' fees, which may be incurred by US Foods in enforcing or protecting its rights under the True Brands Customer Agreement. (Ex. A, p. 2, ¶ 4.)

31.     Further, True Brands agreed to pay interest in the amount of 1.5% per month on any payment past due until collected. (Ex. A, p. 2, ¶ 4.)

32.     US Foods fully performed its obligations under the True Brands Customer Agreement, including supplying all required goods and services.

33.     True Brands accepted all goods and services supplied by US Foods.

34.     US Foods submitted invoices for the goods and services supplied under the True Brands Customer Agreement.

35.     Pursuant to the True Brands Customer Agreement, True Brands is obligated to timely pay any outstanding invoices.

36.     True Brands failed to timely pay the outstanding invoices in the amount of $95,688.00 and for proprietary goods in the amount of $8,357.59, exclusive of interest, costs and fees. (Ex. C.)

37.     US Foods has been required to retain legal counsel for the prosecution of this action and its efforts to recover the amounts due and owing to US Foods, for which is it entitled to recover its attorneys' fees and litigation expenses under the True Brands Customer Agreement.  (Ex. A, p. 2, ¶ 4.)

38.     As of the date of filing this Complaint, US Foods has not received payment in full for the amounts owed.

39.     As a result of True Brands' material breach of the True Brands Customer Agreement, US Foods has been damaged in the total amount of $104,045.59, exclusive of interest, costs and fees.

## COUNT II
## BREACH OF CONTRACT – TIVOLI

40.     US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

41.     The Tivoli Customer Agreement constitutes a valid and binding contract between US Foods and Tivoli. (Ex. B).

42.     Tivoli agreed to abide by the terms of the Tivoli Customer Agreement and invoices under which US Foods supplied goods and services to Tivoli.

43.     Tivoli also agreed to pay all costs, expenses and fees, including attorneys' fees, which may be incurred by US Foods in enforcing or protecting its rights under the Tivoli Customer Agreement. (Ex. B, p. 2, ¶ 4).

44.     Further, Tivoli agreed to pay interest in the amount of 1.5% per month on any payment past due until collected. (Ex. B, p. 2, ¶ 4).

45.     US Foods fully performed its obligations under the Tivoli Customer Agreement, including supplying all required goods and services.

46.     Tivoli accepted all goods and services supplied by US Foods.

47.     US Foods submitted invoices for the goods and services supplied under the Tivoli Customer Agreement.

48.     Pursuant to the Tivoli Customer Agreement, Tivoli is obligated to timely pay any outstanding invoices.

49.     Tivoli failed to timely pay the outstanding invoices in the amount of $80,498.86, exclusive of interest, costs and fees. (Ex. E).

50.     US Foods has been required to retain legal counsel for the prosecution of this action and its efforts to recover the amounts due and owing to US Foods, for which is it entitled to recover its attorneys' fees and litigation expenses under the Tivoli Customer Agreement.  (Ex. B, p. 2, ¶ 4).

51.     As of the date of filing this Complaint, US Foods has not received payment in full for the amounts owed.

52.     As a result of Tivoli's material breach of the Tivoli Customer Agreement, US Foods has been damaged in the total amount of $80,498.86, exclusive of interest, costs and fees.

## COUNT III
## BREACH OF GUARANTY – GUARANTOR

53. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

54. The Entities agreed to abide by the terms of the Customer Agreements and invoices under which US Foods supplied goods and services to them. (Exs. A-E).

55. US Foods fully performed its obligations, including supplying all required goods and services.

56. The Entities accepted all goods and services supplied by US Foods.

57. US Foods submitted invoices to the Entities for the goods and services supplied under the Customer Agreements.

58. The Entities failed to pay US Foods the outstanding balance owed.

59. Pursuant to the Customer Agreements, the Entities are obligated to timely pay any outstanding invoices.

60. The Entities agreed to pay all costs, expenses and fees, including attorneys' fees, which may be incurred by US Foods in enforcing or protecting its rights under the Customer Agreements. (Ex. A, p. 2, ¶ 4; Ex. B, p. 2, ¶ 4).

61. The Entities further agreed to pay interest in the amount of 1.5% per month on any payment past due until collected. (Ex. A, p. 2, ¶ 4; Ex. B, p. 2, ¶ 4).

62. The Entities failed to timely pay the outstanding invoices in the amount of $184,544.45, exclusive of interest, costs and fees, for deliveries to them. (Exs. C-E).

63. Guarantor executed the Guaranties, unconditionally guaranteeing all of the Entities' payment obligations to US Foods. (Ex. A, p. 3; Ex. B, p. 3).

64.     The Guaranties impose liability on Guarantor for the Entities' payment obligations under the Customer Agreements. (Ex. A, p. 3; Ex. B, p. 3).

65.     Guarantor's obligations include, but are not limited to, payment of the debt, interest and the costs of enforcement of the Entities' obligations, including reasonable attorneys' fees. (Ex. A, p. 3, Ex. B, p. 3).

66.     The Guaranties further provide that US Foods has the right to proceed directly against Guarantor to collect and recover the full amount of the indebtedness.  (Ex. A, p. 3; Ex. B, p. 3).

67.     Guarantor failed to perform his duties and obligations under the Guaranties.

68.     By refusing to pay the indebtedness, Guarantor breached the Guaranties. (Ex. A, p. 3; Ex. B, p. 3).

69.     US Foods has been damaged in the total amount of $184,544.45, exclusive of interest, costs and fees. (Exs. C-E).

70.     US Foods has been required to retain legal counsel for the prosecution of this action and its efforts to recover the amounts due and owing to US Foods, for which is it entitled to recover its attorneys' fees and litigation expenses under the Customer Agreements. (Ex. A, p. 2, ¶4; Ex. B, p. 2, ¶ 4).

**COUNT IV**
**ACCOUNT STATED – TRUE BRANDS AND GUARANTOR**
**(IN THE ALTERNATIVE TO COUNTS I & III)**

71.     US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

72.     Before the institution of this action, US Foods and the True Brands had an on-going business relationship in which True Brands ordered goods and services from US Foods, for a period of time.

73. US Foods supplied goods and services to True Brands as evidenced by the invoices US Foods submitted to True Brands for the goods and services supplied.

74. The invoices were delivered to True Brands in accordance with US Foods' normal accounting procedures.

75. The parties agreed on the balances of the amounts due and owing for said goods and services.

76. US Foods rendered invoices to True Brands for the delivery of said goods and services to which True Brands did not object.

77. True Brands owe US Foods $104,045.59, plus interest and fees, on the unpaid invoices. (Exs. C-D).

78. US Foods has been damaged in the total amount of $104,045.59, exclusive of interest, costs and fees. (Exs. C-D).

79. The True Brands Guaranty imposes liability on Guarantor for True Brands' payment obligations under the True Brand Customer Agreement. (Ex. A, p. 3).

80. Guarantor owes US Foods $104,045.59, plus interest and fees pursuant to the True Brands Guaranty.

## COUNT V
## ACCOUNT STATED – TIVOLI AND GUARANTOR
## (IN THE ALTERNATIVE TO COUNTS II & III)

81. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

82. Before the institution of this action, US Foods and the Tivoli had an on-going business relationship in which Tivoli ordered goods and services from US Foods, for a period of time.

83.     US Foods supplied goods and services to Tivoli as evidenced by the invoices US Foods submitted to Tivoli for the goods and services supplied.

84.     The invoices were delivered to Tivoli in accordance with US Foods' normal accounting procedures.

85.     The parties agreed on the balances of the amounts due and owing for said goods and services.

86.     US Foods rendered invoices to Tivoli for the delivery of said goods and services to which Tivoli did not object.

87.     Tivoli owe US Foods $80,498.86, plus interest and fees, on the unpaid invoices. (Ex. E).

88.     US Foods has been damaged in the total amount of $80,498.86, exclusive of interest, costs and fees. (Ex. E).

89.     The Tivoli Guaranty imposes liability on Guarantor for Tivoli's payment obligations under the Tivoli Customer Agreement. (Ex. B, p. 3).

90.     Guarantor owes US Foods $80,498.86, plus interest and fees pursuant to the True Brands Guaranty.

**COUNT VI**
**GOODS SOLD – TRUE BRANDS**
**(IN THE ALTERNATIVE TO COUNTS I & IV)**

91.     US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

92.     At True Brands' request, US Foods supplied goods and services to True Brands for various food and food-related items.

93.     True Brands accepted delivery of the goods from US Foods, without objection, and owes US Foods for the unpaid balance of said deliveries.

94.     The goods sold include food and proprietary products which were sold at various prices, all of which are evidenced on invoices provided to True Brands by US Foods.  (Exs. C-D).

95.     True Brands owes US Foods $104,045.59, plus interest, costs and fees as of October 2019, according to the accounting. (Exs. C-D).

## COUNT VII
## GOODS SOLD – TIVOLI
## (IN THE ALTERNATIVE TO COUNTS II & IV)

96.     US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

97.     At Tivoli's request, US Foods supplied goods and services to Tivoli for various food and food-related items.

98.     Tivoli accepted delivery of the goods from US Foods, without objection, and owes US Foods for the unpaid balance of said deliveries.

99.     The goods sold include food products which were sold at various prices, all of which are evidenced on invoices provided to Tivoli by US Foods.  (Ex. E).

100.    Tivoli owes US Foods $80,498.86, plus interest, costs and fees as of October 2019, according to the accounting. (Ex. E).

## COUNT VIII
## UNJUST ENRICHMENT – TRUE BRANDS
## (IN THE ALTERNATIVE TO COUNTS I, IV, & VI)

101.    US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

102.    US Foods relied on True Brands' timely payment of all outstanding invoices for food-related goods and services delivered.

103.    True Brands failed to pay outstanding invoices in the amount of $104,045.49, for deliveries. (Ex. C).

104.    True Brands has no justification for refusing to pay US Foods for the food-related goods and services delivered.

105.    By failing to pay the outstanding invoices, True Brands has been enriched by $104,045.49 at US Foods' expense.

106.    It is unjust for True Brands to retain the benefit it obtained from US Foods.

107.    As a result of True Brands' unjust enrichment, US Foods has been damaged, at a minimum, in the total amount of $104,045.59.

**COUNT IX**
**UNJUST ENRICHMENT – TRUE BRANDS**
**(IN THE ALTERNATIVE TO COUNTS II, V, & VII)**

108.    US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

109.    US Foods relied on Tivoli's timely payment of all outstanding invoices for food-related goods and services delivered.

110.    Tivoli failed to pay outstanding invoices in the amount of $80,498.86, for deliveries. (Exh E).

111.    Tivoli has no justification for refusing to pay US Foods for the food-related goods and services delivered.

112.    By failing to pay the outstanding invoices, Tivoli has been enriched by $80,498.86 at US Foods' expense.

113. It is unjust for Tivoli to retain the benefit it obtained from US Foods.

114. As a result of Tivoli's unjust enrichment, US Foods has been damaged, at a minimum, in the total amount of $80,498.86.

## PRAYER FOR RELIEF

**WHEREFORE**, pursuant to the foregoing, US Foods respectfully requests:

i. that judgment be entered in its favor and against Defendant True Brands on Count I (breach of contract) of the Complaint in such amount to be determined at trial, but no less than $104,045.59 plus interest, costs and fees;

ii. that judgment be entered in its favor and against Defendant Tivoli on Count II (breach of contract) of the Complaint in such amount to be determined at trial, but no less than $80,498.86 plus interest, costs and fees;

iii. that judgment be entered in its favor and against Guarantor on Count III (breach of guaranty) of the Complaint in such amount to be determined at trial, but no less than $184,544.45 plus interest, costs and fees;

iv. or, in the alternative, that judgment be entered in its favor and against Defendant True Brands and Guarantor and on Count IV (account stated) of the Complaint in such amount to be determined at trial, but no less than $104,045.59 plus interest, costs and fees;

v. or, in the alternative, that judgment be entered in its favor and against Defendant Tivoli and Guarantor and on Count V (account stated) of the Complaint in such amount to be determined at trial, but no less than $80,498.86 plus interest, costs and fees;

vi. or, in the alternative, that judgment be entered in its favor and against Defendant True Brands on Count VI (goods sold) of the Complaint in such amount to be determined at trial, but no less than $104,045.59 plus interest, costs and fees;

vii.     or, in the alternative, that judgment be entered in its favor and against

Defendant Tivoli on Count VII (goods sold) of the Complaint in such amount to be determined at

trial, but no less than $80,498.86 plus interest, costs and fees;

viii.     or, in the alternative, that judgment be entered in its favor and against

Defendant True Brands on Count VIII (unjust enrichment) of the Complaint in such amount to

be determined at trial, but no less than $104,045.59 plus interest, costs and fees;

ix.     or, in the alternative, that judgment be entered in its favor and against

Defendant Tivoli on Count IX (unjust enrichment) of the Complaint in such amount to be

determined at trial, but no less than $80,498.86 plus interest, costs and fees; and

x.     that Plaintiff be granted such other and further relief as the Court shall

deem just and proper.

Dated:  March 26, 2020                                   Respectfully submitted,

                                                                      US FOODS, INC.

                                                                      /s/ *Adam L. Shaw*
                                                                      By:  Adam L. Shaw (D.C. Bar No. 1035046)
                                                                      adam.shaw@bclplaw.com
                                                                      **BRYAN CAVE LEIGHTON PAISNER LLP**
                                                                      1155 F Street, NW
                                                                      Washington, DC 20004
                                                                      (202) 508-6000
                                                                      (202) 508-6200 Facsimile

                                                                      and

                                                                      Maria Z. Vathis, Esq. (*pro hac vice* to be filed)
                                                                      maria.vathis@bryancave.com
                                                                      **BRYAN CAVE LEIGHTON PAISNER LLP**
                                                                      161 N. Clark Street, Suite 4300
                                                                      Chicago, Illinois 60601
                                                                      (312) 602-5000
                                                                      (312) 698-7527 Facsimile

                                                                      *Attorneys for Plaintiff US Foods, Inc.*